In the United States District Court

For the District of Rhode Island
(Form mailed April 7th, [redacted] 2005)

James J Silva ------ plaintiff "A"
James R. Cayer ------ plaintiff "B"

--------------------------------

--------------------------------

/Enter above the full mane of the plaintiff or plaintiffs in this action. /

[redacted] 05 148ML

v.- Civil Action No. ____________

Please assisn case #.

Judge Daniel Procaccini, Judge William Dimitri, Dianne heyden, Stacey Veroni, Charles Devine, et al. Sandra Delaney James Ruggiero

/Enter above the full name of the defendant or defendants in this action/

1.- Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes /✓/ No /✓/

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.) over →

1. Parties to this previous lawsuit

Semi-Related Case not potential subject matter.

Plaintiffs: James J. Silva and James R. Cayer.

Defendants: City of Pawtucket et, al.

2. Court /if federal court, name the district; if state court, name the county/: Providene County Superior Court



3

3. Docket number: 02-3333

4. Name judge to whom case was assigned: S. Fortunato (J.) Vogel. (J.)

5.- Disposition /for example: Was the case dismissed? Was it appealed? Is it still pending?/: This 4.9 million dollar Civil Complaint is being covered up!

6. Approximate date of filing law suit: June - 2002.

7. Approximate date of disposition: None.

II. Place of Present Confinement: I.S.C. PO Box 8249 Cranston, RI. 02920

A. Did you present the facts relating to your complaint to The Warden or any of the prison officials?

Yes /__/ No /X/

B. If your answer is YES:

1. What steps dis you take? This is not a prison matter.

2. What was the result? ______

C. If your answer is NO, explain why not: Not a prison matter.

III. Parties

/In item A below, place your name in the first blank. Do the same for additional plaintiffs, if any./

A. Name of plaintiff James J. Silva plaintiff "A"
James R. Cayer plaintiff "B"

/ In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, position, and places of employment of any additional defendants./

B. Defendant Daniel Procaccini is employed as A Judge at The Providence Superior Court,

C. Additional Defendants: William Dimitri (Judge), Diane Leyden (A.G.) Stacey Veroni (A.G) Charles Devine (Detective.) Sandra Delaney. James Ruggiero

4

IV. Statement of Claim

State here as briefly as possible the facts of your case. Discribe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. /Use as much space as you need. Attach extra sheet if necessary./

#1 While I had a case on direct appeal and docketed in The R.I. Supreme Court as Case #01-537 CA. AG. Diane Leyden Told Judge Procaccini I was under Indictment for Escape. And Then with no new criminal offense presented me To him as a probation Violator. On Sept 26. 2002. Judge Procaccini Passed This case To 10-2-2002 for a bail hearing.

#2 On 10-2-2002 This case was Transferred To Judge William Pimitai who was made aware That (a) This case was docketed on direct appeal To The Rhode Island Supreme Court as 01-537 CA and That my sentence expired on 10-3-02. On P2 00-3339A. over →

V. Relief

State briefly exactly what you want the court to do for you.

Make no legal arguments. Cite no cases or statutes.

Plaintiffs "A" and "B" Seek a Jury Trial To be awarded compensatory and punitive damages for The unlawful actions of defendants which resulted in irreparable, losses, damages, and injuries To Plaintiffs. who lost 18 months of Their lives Together. while defendant's lacked Jurisdiction and as a result of Double Jeopardy.

Note: In an Attempt To vindicate The Defendants actions Article 1. Rule 11 - section (f) of The Rhode Island Appellate Rules of procedure were later - changed. They call it a Clarification.

5

VI. NOTE: **Should you fail to execute and return this form within ten days from the date of mailing as recorded on pace 1, this Court will conclude you have abandoned your claim and will dismiss your petition.**

Signed this 7th day of April, [redacted] 2005.

Home address 65 Main St., Slatersville, RI.
P.O. Box - 1115 02876
/Signature of plaintiff or plaintiffs/

VERIFICATION

State of Rhode Island )
)
County of Providence. )

present address
James J. Silva · 66350
I.S.C. - [redacted] H-225-Bottom
P.O. Box 8249
Cranston, RI.
02920

James J. Silva., being first duly sworn, under oath, says: that he is the plaintiff in this action and knows the contents of the above complaint; that it is true of his own knowledge, exceptas to those matters that are stated in it on his information and belief; and as to those matters, he believes them to be true.

/Signature of plaintiff

Subscribed and sworn to before me this 8th day of April, [redacted] 2005.

5/12/2006
/Notary Public or other person authorized by law to administer an oath/

page 1 of 8

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND.

James J. Silva and
James R. Cayer

CA 05 148 ML

CASE # ____________

v.

LOWER COURT # 01-527-CA

P.S.C. # P200-3329A

Judge William Dimitri,
Judge Daniel Procaccini,
Attorney General, Diane Heyden,
Attorney General, Stacey Veroni, James Ruggiero,
Detective, Charles Devine, and Sandra Delaney, et, al.

Civil Complaint.

#1- On or about October 5th 2001 Judge Steven Nugent sentenced The Plaintiff, James J Silva To, 18 months at The A.C.I., a T.A.S.C. evaluation To determine whether some counseling was needed, and The remaining Term of his probation. An appeal was filed on October 13th 2001, The Record on Appeal was sent up on 5 June 2002 and Appeal had been docketed in The Rhode Island Supreme Court as 01-527-CA. One of The issues on appeal was The Sentence ambiguities.

#2 - On September 24th 2002, Attorney General, Diane heyden presented To Judge Daniel Proccacini a document representing That James J Silva, D.O.B, 5/5/53 stood indicted for Escape from The A.C.I.

Judge Daniel Proccacini signed This document issueing a Habeas To bring The defendant before The Court. (see exhibit # P-1 To follow)

#3 - On September 26th 2002 defendant was habeased

7

into The Providence, Superior Court before Judge Daniel Proccacini where instead of being arraigned on The alleged Indictment Attorney General Diane Reyden presented James J. Silva as a violator of The remaining Term of his probation with no-new criminal complaint only alleging he had failed To be of good behavior and Keep The peace. (See exhibit P-2 To follow) At This Time it was brought To The attention of Judge Proccacini That defendant's sentence was To expire on 10-3-2003 and after agreeing That The defendant was entitled To a bail hearing The case was passed for bail To 10-2-2003 1 day prior To defendant's completion of sentence. (see exhibit P-3 To follow)

#4 - Defendant's wife, son, and Stepdaughter were still living at his residence, 47 Carter Ave, Pawtucket, RI. Defendant still had his job of 23 years waiting for him and, his Family was preparing for his return To society. An expectation of release had crystallized.

#5 - On October 2nd 2003, defendant was Transported To The P.S. Court but did not appear before Judge Daniel Proccacini but before Judge William Dimitri who insisted The case was Transferred To him for a hearing, where someone had Told him defendant was prepared To proceed prose on That day with a hearing, denied bail and continued To hold defendant without bail even Though There was no new criminal Complaint.

During This brief hearing Judge Dimitri admitted he was aware This case P200-3329A was docketed

Page 3-of-?

And on direct Appeal in The Rhode Island Supreme Court. The Question of Jurisdiction was raised and The hearing was continued To The following day, October 3rd 2002, However, Criminal Docket Reports Reflect ;

02-OCT-2002 VIOLATION HEARING DIMITRI, JUDGE
DECLARED TO BE A VIOLATOR
[see exhibit P-4 page 4 bottom entry] but They also reflect ;

02-OCT-2002 DETERMINATION OF ATTORNEY PROCCACINI, JUDGE
PENDING FURTHER INVESTIGATION
[see exhibit P-4 page 5 Top entry] (exhibits To follow)

#6 - On October 3rd and 4th of 2002 defendant was again Transported To Court and after further hearings numerous facts were brought To The attention of Judge William Dimitri ;

(a) - The defendant's sentence had expired, 10-3-2002,

(b) - There was no new criminal complaint or allegation,

(c) - P200-3329A was on direct appeal and docketed in The Rhode Island Supreme Court where one of The issues was Sentencing ambiguities or correction of sentence as The Sentence and Judgement as well as The Criminal Docket Reports did not match The Oral Pronouncement of sentence in The Certified Transcripts.

Judge William Dimitri completely ignored This and continued To hold defendant without bail. A further

hearing was schedulled for 10-7-2002 and at This Time defendant still had not seen counsel. James Ruggiero.

#7 - On October 7th 2002. At The very beginning of The hearing on 10/7/02 James J. Silva and Court appointed counsel James Ruggiero Proceeded as co-counsel, (p1-35) for 7 pages The defendant argued as to all The Tampering and errors in The Court's Record on Appeal To The Rhode Island Supreme Court and asked That not only Attorney General Pirrie Leyden be excused but all Attorney Generals. Defendant offered proof That AG. Pirrie Leyden had lied to several Judges and That Appellate AG. Aaron Weisman had submitted a Criminal Docket Entry Report as an exhibit which now reflected; see exhibit 4 page 4 4th Entry:

03-OCT-2001. VIOLATION HEARING NUGENT, JUDGE.
DEFT WAIVES VIOLATION HEARING
ADMITS/DECLARED TO BE A VIOLATOR.

The Criminal Docket entry Reports now covered up a 3 day violation hearing. This was part of The record on appeal as per Article I Rule 10 of R.I. Rules of Appellate Procedure.

At This Time Article I Rule 11 Section (f) held That once The Record on Appeal had been established and an appeal had been "docketed" in The Rhode Island Supreme Court They retained "**Exclusive Jurisdiction**" over matters of The appeal. This Rule would later

Page 5 of 7

be amended by what is claimed to be a "clarification".

Judge William Dimitri even after seeing and hearing All The evidence while admitting he only had a partial file of P2CO-3329A because it was on direct appeal and docketed in The R.I. Supreme Court brushed all This aside and proceeded with a brief hearing. Judge Dimitri would later correct The illegal sentence, impose a new sentence, and Justify his actions by claiming They were simply Typeo-graphical errors, (See p. 117. lines 1-20 Transcripts) after defendant's sentence was completed on 10-7-2002, by determining as per ZNOSKO 755 A2d 832 R.I. 2000 That I had failed to be of good behavior and keep the peace. NOTE: There is no record in The Criminal docket Entry Reports of being declared To be a violator on 10-7-2002, only The 10-2-2002 which is prior to sentence being completed and error. However The Cover of The Criminal Docket Entry Reports Reflect Sentence imposed on 10-7-2002 as does The 10-10-2002 written sentence and Judgement, The D.O.C. records, and The Warrant of Commitment for 10-7-2002. This is an Attempt to Cover up defendant not being declared a violator until after his sentence had expired.

Additional Note: On 10-7-2002 prior to sentencing Judge William Dimitri took it upon himself to correct Judge Nugent's sentence but on 10-10-2002 The R.I. Supreme Court denied my motion to Correct it! Rule 35 holds That no sentence can be corrected after 120 days and most decisions hold That not after The defendant has started serving That sentence.

#8 - Defendant filed the following motions.
MOTION TO CORRECT SENTENCE - MOTION FOR TRANSCRIPTS.

The motion for 5 Transcripts was granted and Ordered on January 24th 2003.

Judge Dimitri denied the motion to Correct Sentence for defendant to recieve the 90 days spent in pre-Trial confinement from 9-18-2000 to 12-17-2000 but refered him to the sentencing Judge, Magistrate William Mcatee who denied this motion according to the Criminal docket Reports when he actually refered defendant back to Judge Dimitri.

#9 - These Transcripts by Sandra-Delaney are Tampered with.

Samples: page 3 line 2 - 17 months - should be 18 months.
Page 3 lines - 15 - used criminal documents - should be used criminal docket Reports in a motion to object to bail.
Page 4 lines - 6 - That criminal [redacted] document, should be - Criminal Docket. Page 83 - line - 4 - P201-1641 should be P201-1614A. These Kinds of Tampers are done Throughout The Transcripts and while They appear individually to be Harmless The Total effect is clear. Last example - everytime I mention a 4-10-2001 Tow report That proves Detective Charles Devine has fabricated an April 2001 Discovery Report and witness statement LT Joseph Harnadel's name gets either SIC'd out or phonetic'd out. Pages - 27 Thru 64 have no line #s 1-25 on Them. but see.
Page 34 line 22 - explain to me how Ms. Arnell Christophore (Phonetic) should read; could you explain to me how Patrolman Christopher Buser and LT Joseph

Harradel were There for a 1/2 hour Towing my Truck? When you read The entire Transcripts you'll see The changes do not make sense in/re To The line of questioning.

I have The Transcripts for October 2nd, 3rd, 4th, and 7th of 2002 as well as The first hearings October 3, 4, 5th 2001 but for over 2 years Judge Procaccini and Sandra Delaney have witheld The September 26th 2002 32-F appearance Transcripts.

Numerous requests resulted in several excuses and at a recent Post Conviction Proceeding again while Judge Procaccini lacked Jurisdiction as both violations are still docketed in The R.I. Supreme Court he said;

Mr Silva, you must be mistaken, me and Ms. Delaney were in Newport on September 26th 2002. I pulled out The Document with his signature on it dated September 24th 2002, The Warrant of Commitment which said; Passed for bail 10-2-02 Procaccini and The Criminal docket reports. I had 6 witnesses There to catch him lieing from The bench.

Plaintiffs seek damages, compensatory and punitive To be determined by a Jury Trial.

Plaintiff "A" James J. Silva was deprived of life, liberty, and property as well as The consortium of his minor child, James R. Cayer, Plaintiff "B". and,

Plaintiff "B" James R. Cayer has been deprived of The Society and Companionship of his natural father, James

James J. Silva, Plaintiff "A" without due process of law.

As a result of these Civil Rights Violations Plaintiffs have suffered irreparable, losses, damages, and injuries for which they seek $2000,000.00 Two million dollars plus punitive from defendants combined.

Wherefore, Plaintiffs move this Honorable U.S. District Court for the District of Rhode Island grant this and any other such and further relief deemed meet and just under the prevailing circumstances.

Plaintiffs will be serving a copy of the Complaint upon all defendants.

February, 2005. Respectfully
mailed April 7th 2005 JS. Submitted,

James J Silva

As evidence is aquired the Plaintiffs reserve their right to Amend this Complaint or expand the Record pursuant to existing Rules of procedure.

Plaintiff "A" is having his access to the The Courts delayed, frustrated and impeded by the D.O.C. see case # 05-0081 and as such will forward the Transcripts and exhibits A.S.A.P. Thank you.