**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JAMES J. SILVIA**

v. **CA. No. 05- 148 ML**

**JUDGE DANIEL PROCACCINI,**
**JUDGE WILLIAM DIMITRI, et al.**

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge

Confined at the Adult Correctional Institutions in Cranston, Rhode Island, *pro se* plaintiff James J. Silva filed a Complaint pursuant to 42 U.S.C. § 1983 and named as defendants Judge Daniel Procaccini, Judge William Dimitri, Diane Leyden, Stacey Veroni, Charles Devine, Sandra Delaney and James Ruggiero. Plaintiff's allegations in his Complaint are as follows:

Plaintiff alleges that on October 5, 2001, Judge Steven Nugent of the Rhode Island Superior Court sentenced the plaintiff to eighteen months incarcerated with probation. While his appeal on this conviction was pending, state prosecutor Diane Leydon, a defendant here, presented the plaintiff to Judge Procaccini as a violator of his probation, since he was indicted for the crime of escape. With his original sentence set to expire, the judge ordered a bail hearing. Judge Dimitri conducted the bail hearing and ultimately denied the plaintiff bail.

Next, plaintiff alleges that he proceeded to a violation hearing where Judge Dimitri determined that the plaintiff had failed to be of good behavior and keep the peace, violating the terms of his probation. Moreover, plaintiff alleges that Judge Dimitri, at the violation hearing, corrected the original sentence imposed by Judge Nugent. Next, plaintiff alleges that Detective Charles Devine



3

fabricated a witness's statement during the proceedings and that Sandra Delaney tampered with the transcripts of the proceedings.

Based upon these allegations, plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendants lacked jurisdiction to hold him in violation of his probation, violated the double jeopardy clause, and violated his due process rights. As relief, plaintiff seeks compensatory and punitive damages in the amount of two million dollars.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon thereafter to identify cognizable claims or dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; See also 28 U.S.C. § 1915(e)(2). Pursuant to this directive, this Court finds that the instant Complaint fails to state a claim upon which relief can be granted.

In an action for damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Neither plaintiff's conviction nor his sentence has been invalidated. Any determination by this Court in this proceeding that the plaintiff's rights were violated would necessarily call into question the validity of plaintiff's conviction and sentence. That is something this Court can not do here. See id. Thus, plaintiff's Complaint should be dismissed.

For the reasons set forth above, I recommend that plaintiff's Complaint be dismissed for a failure to state a claim upon which relief can be granted. Any objection to this report and

recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. See Fed.R.Civ.P.72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
April 19, 2005